NOT FOR PUBLICATION



FILED

APR 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50206 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03698-JLS-1 |
| v. | |
| SERGIO TELLO-CARRILLO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted April 11, 2013
Pasadena, California

Before: REINHARDT and MURGUIA, Circuit Judges, and ZOUHARY, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

1

Sergio Tello-Carrillo ("Tello") appeals his conviction of 8 U.S.C. § 1324(a)(2)(B)(ii) (Bringing in Illegal Aliens for Financial Gain) & 18 U.S.C. § 2 (Aiding and Abetting). Tello raises four challenges to his conviction. We reject each challenge and affirm.

**1.** Tello contends that the testimony of the Border Patrol agents raised the inference that he was identified as a foot guide on the day of the incident because he was already on a list of suspected foot guides. This inference, Tello argues, violated the district court's pre-trial ruling and thus constituted prosecutorial misconduct. Tello argues further that this inference violated his Confrontation Clause rights.

Tello's challenge fails for three reasons. First, the record does not support Tello's contention. Based on the totality of the agents' testimony, a juror was just as likely, if not more likely, to believe that Tello was identified as a foot guide on the day of the incident because of his conduct that day, not because he was on a list of suspected foot guides. Second, Tello has failed to identify a viable legal basis for relief. The district court found that the government properly followed its pre-trial ruling, thus foreclosing Tello's theory of prosecutorial misconduct. Additionally, the alleged inference is neither a testimonial statement nor hearsay, and thus raises no Confrontation Clause concerns. *Cf. Crawford v. Washington*,

2

541 U.S. 36, 59 & n.9 (2004). Finally, even if the inference were legally improper, it was not sufficiently prejudicial to warrant a mistrial.

**2.** Tello's challenge to the admissibility of the rebuttal testimony of Agent Acevedo is without merit. Because Acevedo's testimony was based on his personal experience and was relevant to assessing the plausibility of Tello's defense theory, it was admissible as lay testimony under Federal Rule of Evidence 701.

**3.** Tello's fair trial challenge based on the presence of Border Patrol agents in the courtroom during closing argument is foreclosed by *Holbrook v. Flynn*, 475 U.S. 560 (1986), in which the Supreme Court held that the presence of uniformed law enforcement officers was not "so inherently prejudicial as to pose an unacceptable threat to defendant's right to a fair trial." *Id.* at 572. Here, the Border Patrol agents were not even uniformed.

**4.** Tello's sufficiency of evidence challenge is likewise without merit. The testimony of Leonila Gatica-Analco, when viewed "in the light most favorable to the prosecution," *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc), was adequate to allow "any rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

**AFFIRMED.**